```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

In re William C. Sheridan      )      No. 02-mc-10094
                               )
In re William C. Sheridan      )      No. 06-mc-10242
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      December 24, 2013

This matter combines two disciplinary actions brought against attorney William C. Sheridan. The first action (Case No. 02-mc-10094) resulted, on September 5, 2002, in an Order suspending Sheridan from practice before this court for one year. Sheridan moves to vacate that Order. For the reasons explained below, this motion is meritorious. The second action (Case No. 06-mc-10242) springs from the imposition of disciplinary sanctions on Sheridan by the Massachusetts Supreme Judicial Court (the "SJC") on June 20, 2006. Sheridan objects to the imposition of reciprocal sanctions in this court. For the reasons explained below, this objection is being denied.

I.   CASE NO. 02-MC-10094

In 2001, the United States Bankruptcy Court for the District of New Hampshire conducted disciplinary proceedings against Sheridan. Sheridan was charged in those proceedings with rendering incompetent representation. The Bankruptcy Court determined that Sheridan had committed eighty-eight ethical

violations, and suspended Sheridan from the practice of law before that court for a period of one year.

On the basis of the suspension ordered by the Bankruptcy Court, Sheridan was also suspended by the SJC from the practice of law in Massachusetts (the "2002 SJC Order"). This suspension, in turn, led to the action brought in Case No. 02-mc-10094, in which reciprocal discipline was sought in this court. On September 5, 2002, a three-judge panel (Judges Zobel, Woodlock, and Gorton) entered a reciprocal order suspending Sheridan from practice before this court (the "2002 Order").

Sheridan appealed the order issued by the Bankruptcy Court to the Bankruptcy Appellate Panel and, subsequently, to the First Circuit. On March 29, 2004, the First Circuit vacated the order, finding that the Bankruptcy Court had lacked jurisdiction to enter it. See In re Sheridan, 362 F.3d 96 (1st Cir. 2004). On this basis, Sheridan moves that this court's 2002 Order be vacated.[1]

The court is allowing Sheridan's motion to vacate the 2002 Order. The foundation for the 2002 Order was the order issued by the Bankruptcy Court. As that underlying order has since been

---

[1] Sheridan has apparently also asked the SJC to vacate the 2002 SJC Order. See Amended SJC Order, infra, at 3-4; Full SJC Decision, infra, 867 N.E.2d at 299 n.2. To this court's knowledge, the 2002 SJC Order has not been vacated.

vacated by the First Circuit for lack of jurisdiction, vacatur of the 2002 Order is appropriate.

II. CASE NO. 06-MC-10242

Sheridan was also disciplined, on four occasions between 1998 and 2006, by the Supreme Court of New Hampshire. The conduct for which Sheridan was disciplined included incompetent and neglectful representation; comingling trust and operating accounts; and the practice of law during a suspension. In the third and fourth of these disciplinary proceedings, Sheridan was sentenced to suspensions of one year and of six months, respectively. These suspensions were to run concurrently.

A petition for reciprocal discipline was filed with the SJC on March 29, 2006. The petition was allowed on June 20, 2006, in a decision by Justice John M. Greaney. See In re Sheridan, No. BD-2006-026 (Mass. June 20, 2006) ("Original SJC Order"). An amended version of Justice Greaney's decision was issued on July 24, 2006. See In re Sheridan, No. BD-2006-026 (Mass. amended July 24, 2006) ("Amended SJC Order"). Justice Greaney's decision was affirmed on appeal before the full SJC. See In re Sheridan, 867 N.E.2d 297 (Mass. 2007) ("Full SJC Decision"). Sheridan was suspended from the practice of law in Massachusetts for one year and one day, effective June 20, 2006. Because this suspension was more than one year long, a reinstatement proceeding is

3

required before Sheridan can return to practice in Massachusetts. See S.J.C. R. 4:01 §18(1)(b), (2)(c), (5); Amended SJC Order at 8.

Justice Greaney's decision included a discussion of the proceedings held before the Bankruptcy Court in 2001. However, Justice Greaney clarified, particularly in his amended decision, that the discipline imposed against Sheridan was based only on the four actions taken by the Supreme Court of New Hampshire, not on the conduct acted on by the Bankruptcy Court. See Amended SJC Order at 6 n.4. This clarification was accepted by the full SJC on appeal. See Full SJC Decision, 867 N.E.2d at 299.

Sheridan objects to the imposition of reciprocal sanctions in this court pursuant to Rule 83.6(2) of the Local Rules of the United States District Court for the District of Massachusetts. He argues that the hearing before Justice Greaney was conducted without proper notice; that Justice Greaney's order was based, in part, on the now-vacated order issued by the Bankruptcy Court; and that the sanction issued by the SJC was unduly harsh in light of mitigating factors such as Sheridan's past health problems and in light of the penalties issued in comparable cases. As explained below, these arguments are without merit.

Local Rule 83.6(2)(D) requires that the court impose "identical discipline" on an attorney subjected to public discipline by another jurisdiction, unless:

> upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears:
> 
> (i) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> 
> (ii) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion on that subject; or
> 
> (iii) that the imposition of the same discipline by this court would result in grave injustice; or
> 
> (iv) that the misconduct established is deemed by this court to warrant substantially different discipline.

Upon the face of the record of the proceedings conducted by the SJC, none of these exceptions applies. First, those proceedings were not "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." On Sheridan's own account, he was notified of the proceedings several days in advance, see Decl. of Resp. Cert. R. Below at 76, although he asserts that he believed that a "conference," not a "hearing," was to take place, see id. Upon learning otherwise, Sheridan did not ask for a continuance or for an additional hearing. See Amended SJC Order at 3 n.2. He did,

however, submit an additional brief, which was considered by the SJC. See id. Importantly, Sheridan has not indicated that he would have advanced any additional arguments had he been afforded longer notice. In essence, even if the hearing held by the SJC was in some manner imperfect, Sheridan was not deprived of due process.

The SJC proceedings also involved no "infirmity of proof." In fact, Sheridan does not challenge the factual basis for the SJC's order, nor the factual basis for the underlying decisions of the Supreme Court of New Hampshire.

Sheridan contends that, under the circumstances, his conduct merited more lenient sanctions. However, there is nothing in the record to suggest that the imposition of the same sanction selected by the SJC would result in "grave injustice," or that "substantially different discipline" is warranted. Sheridan was found on four separate occasions to have committed professional misconduct, by: (a) allowing a civil case to default, and comingling trust and operating accounts; (b) neglecting the handling of a probate estate; (c) failing to properly conduct the incorporation of a business; and (d) providing legal services to two individuals while his license was administratively suspended. These infractions led the Supreme Court of New Hampshire to impose, after two lighter

6

sanctions, concurrent suspensions of one year and of six months. The SJC, finding "repetitive and continued neglect and wrongdoing," Amended SJC Order at 8, elected to order an almost identical sanction. Both in Justice Greaney's decision and on appeal, the SJC examined analogous cases in an effort to ensure that the sanction imposed on Sheridan was not inconsistent with the sanctions imposed in other cases. See Amended SJC Order at 8 n.6 (citing In re Walsh, 6 Mass. Att'y Discipline Rep. 322 (1990)); Full SJC Decision, 867 N.E.2d at 300 (citing In re Steinberg, 863 N.E.2d 928 (2007); In re Saab, 547 N.E.2d 919 (1989)). The reciprocal imposition of the sanction ordered by the SJC would, therefore, not be unjust or unwarranted.

Finally, there is no merit to Sheridan's contention that Justice Greaney's decision relies, even in part, on the since-vacated proceedings conducted by the Bankruptcy Court. The decision states at the outset that it stems from the four orders of the Supreme Court of New Hampshire. See Amended SJC Order at 1. Justice Greaney specified in his original, unamended order that the outcome would remain unchanged even if he were to vacate the 2002 SJC Order, which was founded on the Bankruptcy Court's disciplinary action. See Original SJC Order at 5-6. Finally, the Amended Order states explicitly that "[t]he sanction here is imposed only in connection with the four

7

matters described in the instant petition . . . not . . . for any conduct underlying the NH Bankruptcy Court order of suspension." Amended SJC Order at 6 n.4. Accordingly, as the full SJC determined on appeal, "[t]he single justice's passing reference to the facts underlying the Bankruptcy Court's suspension order is of no consequence." Full SJC Decision, 867 N.E.2d 299.

A reciprocal sanction of a suspension for one year and one day is, therefore, appropriate. The effective date of the reciprocal suspension is June 20, 2006, the same date on which the suspension imposed by the SJC began to run.

The Local Rules of this District Court, unlike those of the SJC, do not require a reinstatement proceeding at the conclusion of a suspension of a year and a day. Rather, "[a]n attorney who is suspended shall be automatically reinstated at the end of the period of suspension upon the filing with the court of an affidavit of compliance with the provisions of the order." D. Mass. R. 83.6(7)(A). However, the Local Rules predicate membership in the bar of this court on an attorney being in good standing to practice before the SJC. See D. Mass. R. 83.5.1(a)(1) ("An attorney is qualified for admission to the district bar of this district if the attorney (i) is currently in good standing as an attorney admitted to practice before the

8

Supreme Judicial Court of Massachusetts . . . ."). Consequently, if he seeks reinstatement to the bar of this court, Sheridan must state in his affidavit of compliance whether or not he has been reinstated to practice before the SJC.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Sheridan's Motion to Vacate the Order of Reciprocal Discipline (Case No. 02-mc-10094, Docket No. 6) is ALLOWED. The September 5, 2002 Order (Case No. 02-mc-10094, Docket No. 5) is VACATED.

2. Sheridan's Objection to This Court's Order to Show Cause (Case No. 06-mc-10242, Docket No. 12) is DENIED. Sheridan is SUSPENDED from practice before this court for one year and one day as of June 20, 2006, nunc pro tunc.

3. If Sheridan seeks to be readmitted to the bar of this court, he shall file an affidavit of compliance pursuant to Local Rule 83.6(7)(A) and in that affidavit state whether or not he has been readmitted to practice before the Supreme Judicial Court of Massachusetts. If he is now in good standing as an attorney admitted to practice before the Supreme Judicial Court, he shall be reinstated to practice before this court.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE